FINAL REPORT[1]


*Amendment of Pa.R.Crim.P. 462*
*Revision of the <u>Comment</u> to Pa.R.Crim.P. 460*


SUMMARY APPEAL REMAND

---

On December 29, 2017, effective April 1, 2018, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rule 462 (Trial *De Novo*) and revised the *Comment* to Rule 460 (Notice of Appeal) to clarify that when a petition to file a summary appeal *nunc pro tunc* is denied at the court of common pleas, the case remains at the common pleas level, in keeping with the Court's long-standing policy that once a case moves from a lower court to the court of common pleas, the case should remain at common pleas.

The Committee recently examined an issue that has come up regarding the "no-remand" policy in summary cases. A defendant is convicted of a summary offense before a magisterial district judge (MDJ) and then files a petition to be allowed to file a summary appeal *nunc pro tunc*. The common pleas court denies the petition and orders that the case be "remanded" to the MDJ office. The common pleas judge in these situations has taken the position that, because the common pleas court has never addressed the actual appeal, the case is not subject to the "no remand" provisions of Rule 462(H).

Under Rule 460(D), when an appeal is filed in a summary case, the case and associated documents are transferred from the MDJ to the clerk of courts and then adjudicated by a common pleas judge. Paragraph (H) of Rule 462 states:

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.


Summary Appeal Remand   *Final Report*: 12/29/2017

(H)  After sentence is imposed by the trial judge, the case shall remain in the court of common pleas for the execution of sentence, including the collection of any fine and restitution, and for the collection of any costs.

This provision is one part of the Court's long-standing "no remands" policy that provides that once a case "goes up" from the minor judiciary to the court of common pleas, it should stay at common pleas.  This policy has been articulated in rule changes that were adopted in 2003 (clarifying when an appeal for a trial *de novo* in a summary case or a contempt adjudication is taken, the case remains in the court of common pleas for the execution of any sentence and collection of any fines and restitution, and collection of any costs), in 2006 (clarifying the procedures for handling cases in which a summary offense is joined with misdemeanor, felony, or murder charges both when the case is before the issuing authority and after the case is held for court), and in 2010 (addressing three areas in which remands from the court of common pleas to the issuing authority still are occurring despite the Court's policy that prohibits such remands: (1) the practice of remanding cases for a preliminary hearing where a defendant who was designated as "NEI" is apprehended; (2) use of remands as remedies for a waived preliminary hearing; and (3) the practice of remanding cases without court involvement when the district attorney withdraws felony/misdemeanor prior to the filing of the information).[2]

Additionally, Rule 462 contains paragraph (D), which provides that the case is retained at common pleas if a defendant fails to appear for the trial *de novo* and the MDJ sentence is entered at common pleas, and paragraph (E), which provides similarly when the defendant withdraws the appeal.  As noted above, paragraph (H) provides that when a sentence has been entered by the common pleas judge, it remains at common pleas for execution of sentence. The rationale for this policy is to prevent cases from "bouncing back and forth" between the MDJ and common pleas courts. This could result in confusion and the potential repeated transfer of court records and case-associated money.

---

[2] *See* 33 *Pa.B.* 1324 (March 15, 2003), 36 *Pa.B.* 1385 (March 25, 2006), and 40 *Pa.B.* 1068 (February 27, 2010).

None of these amendments addressed the situation of the dismissal of a late-filed summary appeal. The Committee examined the above history of the no-remand policy and concluded that the underlying rationale of the policy would be applicable to the situation at issue. Since the common pleas court must make a decision on the petition, the case is transferred from the MDJ to the common pleas court. The same concerns about transferring the case record and money are present here as in other summary appeal situations. Additionally, the Committee noted the instances mentioned above where a case in which a full trial *de novo* has not been held, such as when a defendant fails to appear for the trial, still is retained at the common pleas court.

Therefore, a new paragraph (F) has been added to Rule 462 that would state specifically that a late-filed appeal adjudicated at common pleas court would remain at common pleas court. Additionally, a cross-reference to this new provision has been added to the *Comment* to Rule 460 since that rule provides the procedures for filing appeals, including time limitations.